**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE**
**CIVIL DIVISION**

CASE NO.: 3:23-cv-00022-BJD-JBT

JOCKUE H. HILLMAN

    Plaintiff,
v.

SGT. ANDERSON and
CORRECTIONAL OFFICER MAGEE,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND MEMORANDUM OF LAW**

Defendants, SGT. ANDERSON and CORRECTIONAL OFFICER MAGEE (collectively hereinafter "Defendants"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. 7,8,10, and 12, and hereby request this Honorable Court dismiss Plaintiff's Second Amended Complaint for failure to state a claim on which relief may be granted. As grounds in support thereof the Defendants state as follows:

1.    Plaintiff alleges that on around May 18 through 20, 2021, Plaintiff was incarcerated and housed at the Hamilton Correctional Intuition.  (Doc. 22 page 4; 8.)

2.    Plaintiff alleges while incarcerated, he was assaulted by Defendant Anderson, and that Defendant Magee failed to intervene. (Doc. 22 page 5-6.)

3.    Plaintiff requests monetary and punitive damages from both Defendants. (Doc. 22 page 8.)

4.	The allegations in the Second Amended Complaint to not clearly establish action, or inaction, on the part of the Defendant's. (Doc. 9 page 5-12.)

5.	Plaintiff's factual allegations are insufficient to plead a cause of action.

6.	Moreover, the Plaintiff's Second Amended Complaint form provided by the Court continues to rely on records that were not attached to the Second Amended Complaint. It is unclear if the Plaintiff was referencing the exhibits from his First Amended Complaint.

7.	Plaintiff's Second Amended Complaint attempts to allege violations of the 8th Amendment under 42 U.S.C § 1983 against Defendants, but falls short in many ways to establish coherent facts to support such a claim.

## MEMORANDUM OF LAW

### I. THE SECOND AMENDED COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM

**A. Standard of Review for a Motion to Dismiss**

To withstand a Motion to Dismiss for Failure to State a Claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), Plaintiff must plead sufficient facts to state a claim that is plausible on its face. *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 561–62 (2007). Although the Complaint challenged by a Rule 12(b)(6) Motion to Dismiss need not provide detailed factual allegations, Plaintiff must provide the factual grounds for his entitlement to relief. *Berry v. Budget Rent a Car Sys., Inc.*, 497 F. Supp. 2d 1361 (S.D. Fla. 2007) (quoting *Twombly*, 550 U.S. at 555). The factual allegations, as opposed to the legal allegations, must prove to the Court beyond speculation that the plaintiff has a right to the relief sought. *Id.;* see *Ashcroft v. Iqbal*, 129 S. Ct. 1955, 1965 (2009) (holding that the Twombly standard applies beyond antitrust cases).

Further, the Court should limit their "consideration to the well-pleaded factual allegations . . . ." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citation omitted).

### B. Plaintiff fails to state a claim of Constitutional Violations against Defendants.

Qualified immunity may be raised on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted. *Williams v. Ala. State Univ.*, 102 F.3d 1179 (11th Cir. 1997).

In a case in which a government official is sued in his individual capacity under 42 USC § 1983 claim, the defense of qualified immunity may be raised if the official was acting within the scope of their discretionary authority, and the government official acts within the scope of their discretionary authority if their actions were undertaken pursuant to their functions and duties and are within the scope of their discretionary authority. *Rich v. Dollar*, 841 F.2d 1558 (11th Cir. 1988); *Jordan v. Doe*, 38 F.3d 1559 (11th Cir. 1994).

Qualified Immunity shields government officials performing discretionary functions from civil litigation and damages liability where "their conduct does not violate clearly established statutory or Constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 122 S.Ct. 2508 (2002); *Chesser v. Sparks*, 248 F.3d 1117 (11th Cir. 2001). The purpose of this immunity is to "allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Lee v. Ferraro*, 284 F.3d 1188 (11th Cir. 2002).

Pursuant to well-established case law in this circuit, qualified immunity is the rule rather than the exception. *Lassiter v. Alabama A&M University*, 28 F.3d 1146 (11th Cir. 1994)(en banc).

As qualified Immunity should be resolved at the earliest stage of litigation so that government actors do not unnecessarily face the burdens of litigation, the defense is available at the pleading stage and, consequently, is appropriate subject for review in accordance with Rule 12(b)(6) Federal Rules of Civil Procedure. *Marsh v. Butler County, Alabama*, 268 F.3d 1014 (11th Cir. 2001). The *Marsh* Court held that "once the affirmative defense of qualified immunity is advanced, the allegations of the complaint take on great importance in a lawsuit." *Marsh* at 1022. Under this guidance, when a 42 U.S.C. § 1983 claim is asserted against individual defendants, the allegations must go beyond typical notice pleading and meet a heightened pleading standard. *Oladeinide v. City of Birmingham*, 962 F.2d 1481 (11th Cir. 1992); *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359 (11th Cir. 1998); *Gonzalez v. Reno*, 325 F.3d 1228 (11th Cir. 2003).

Plaintiff's Second Amended Complaint fails to set forth any specific facts supporting the broad claims. Plaintiff fails to include specific allegations or distinctions as to what each officer knew and what each officer did. Specifically, in the *Gonzalez v. Reno* case, the 11th Circuit addressing claims following the removal of young Elian Gonzalez from a Hialeah, Florida home held:

> The vague and conclusory allegations do not establish supervisory liability. Plaintiffs make bold statements and legal conclusions without alleging any facts to support them. Plaintiff's appeal to the emotions by calling the events that transpired a paramilitary raid, but they do not allege any facts that the defendants did anything more than personally direct and cause' the execution of a valid search and arrest warrants. Plaintiffs state there is a causal connection between theses defendants' acts and the excessive force used by the agents on the scene, but they do not allege any facts to support this causal connection. . . . Given the presumption of legitimacy accorded to official conduct, it would be unreasonable to draw from the alleged facts the inference that the supervisory defendants directed the agents on the scene to engage in the unconstitutional activity with which they are charged.

*Gonzalez* at 1235.

Again, Plaintiff fails to establish sufficient facts and make individual allegations towards Defendants. Plaintiff fails to assert specific enough allegations against each individual office. "[i]mputed or collective knowledge cannot serve as the basis for claim of deliberate indifference," *Nam Dang by & through Vina Dang v. Sheriff, Seminole Cty*. Fla., 871 F.3d 1272, 1280 (11th Cir. 20017).

Moreover, Plaintiff fails to allege how each officer-Defendant, individually, acted with deliberate indifference to the substantial risk of seriously bodily harm to Plaintiff, or subjected Plaintiff to cruel and unusual punishment in violation of the privileges and immunities secure to Plaintiff. The Plaintiff's broad conclusory statements, unclear identification of persons involved, and lack of context or additional information, are insufficient to establish a cause of action. The Plaintiff is still attempting to rely on illegible records from what appears to be a physical examination of the Plaintiff, which were not properly included by reference to his Second Amended Complaint.

## II. PLAINTIFF'S SECOND AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILED TO COMPLY WITH THE MINIMUM PLEADINGS REQUIREMENTS UNDER RULE 8.

In *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit identifies four types of "shotgun" pleadings. See *Weiland*, 792 F.3d at 1321-23. Specifically, a type of improper pleading occurs where the drafter "commits the sin of not separating into a different count each cause of action or claim for relief. *Id*. at 1322-23. *Anderson v. Dist. Bd. of Trs. Of Central Fla. Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996) explains that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading."

Here, Plaintiff alleges violations of the 8th Amendment under 42 U.S.C § 1983 against Defendants. Plaintiff does not utilize separate counts, or satisfactorily explain how the various allegations are a violation of the 8th Amendment under 42 U.S.C § 1983. Plaintiff's claims against the Defendant-officers are far from clear and therefore Defendant requests that this Court find Plaintiff's Second Amended Complaint a "shotgun" pleading.

As the Second Amended Complaint alleged violations based upon 42 U.S.C. § 1983 allegations, the Defendants are each entitled to qualified immunity, as to those "counts". The Plaintiff's Second Amended Complaint should be dismissed as it applies to these answering Defendants based upon qualified immunity and/or the Second Amended Complaint being a "shotgun" pleading as explained above.

## CONCLUSION

Based on the arguments set forth above, Defendants, SGT. ANDERSON and CORRECTIONAL OFFICER MAGEE, respectfully request that this Court dismiss Plaintiff's claims against them which are set forth in Plaintiff's Second Amended Complaint.

Respectfully submitted September 8, 2023.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 8, 2023, I electronically filed the foregoing with the Clerk of the Courts by using the CM/ECF system which will send a notice of electronic filing to all counsel/parties of record. I have also mailed a copy to Plaintiff at the following address:

Jockue H. Hillman  
S21112  
Florida State Prison  
P.O. Box 800  
Raiford, FL 32083

        LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND
        Attorneys for Defendant
        301 W BAY STREET
        SUITE 1010
        JACKSONVILLE, FL 32202

        Telephone: (904) 791-9191
        Facsimile: (904) 791-9196

By: /s/ *Sam D. Smart*
        TODD T. SPRINGER
        Florida Bar No.: 178410
        Sam D. Smart
        Florida Bar No.: 95951
        LUKSJAX-Pleadings@LS-Law.com