**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOCKUE H. HILLMAN,

        Plaintiff,

v.                                      Case No. 3:23-cv-22-WWB-JBT

SGT. ANDERSON and CORRECTIONAL
OFFICER MAGEE,

        Defendants.

_____

**<u>ORDER</u>**

Plaintiff, Jockue H. Hillman, an inmate of the Florida Department of Corrections ("**FDOC**"), is proceeding *pro se* on a Second Amended Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Doc. 22).  He sues two correctional staff members at Hamilton Correctional Institution for Eighth Amendment violations stemming from an alleged incident that occurred on May 20, 2021.  (*See* Doc. 22 at 9).  In short, Hillman alleges that he asked Defendant Anderson why he was forcing another inmate into Hillman's cell, and Anderson responded, "shut the f*ck up."  (*Id.* at 10).  When Hillman continued questioning Anderson's decision, Anderson said, "One more word and I'm going to dump you on your sh*t."  (*Id.*).  Then, while Hillman was restrained with his hands behind his back, Anderson grabbed Hillman and slammed him face first on the concrete floor, breaking two of Hillman's teeth.  (*See id.* at 5, 10; *see also* Doc. 22-1 (emergency room record confirming that Hillman's two front teeth were broken, and he had a "full depth" laceration to his lower lip following the use of physical force)).  While Hillman was on the ground, Anderson slammed his knee into Hillman's neck and back.  (Doc. 22 at

10).  During this entire incident, Defendant Magee "stood complacent refusing to assist or to intervene in the assault."  (*Id.*).

Defendants move to dismiss the Second Amended Complaint.  (*See* Doc. 28). Defendants argue that (1) Hillman has failed to state a claim and they are entitled to qualified immunity; and (2) Hillman's Second Amended Complaint should be dismissed as a shotgun pleading.  (*See generally id.*).  Hillman filed a Response in Opposition (Doc. 37).

## II. Standard of Review

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party.  *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009).  Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. Analysis

First, Defendants argue they are entitled to qualified immunity on Hillman's claims against them because the Second Amended Complaint "fails to set forth any specific facts supporting the broad claims" and Hillman "fails to include specific allegations or distinctions as to what each officer knew and what each officer did." (Doc. 28 at 4). According to Defendants, Hillman's "broad conclusory statements, unclear identification of persons involved, and lack of context or additional information, are insufficient to establish a cause of action." (*Id.* at 5).[1]

"In order to receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (quotation omitted). "The question is 'whether the act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of an official's discretionary duties.'" *Hargis v. City of Orlando*, No. 6:12-cv-723-Orl-37KRS, 2012 WL 6089715, at *3 (M.D. Fla. Dec. 7, 2012) (quoting *Gray ex rel. Alexander v. Bostic*, 458 F.3d 1295, 1303 (11th Cir. 2006)). There is no dispute that Defendants were acting within their discretionary duties as FDOC correctional staff members during the alleged incident underlying Hillman's claims. Thus,

---

[1] Defendants also argue that Hillman "is still attempting to rely on illegible records from what appears to be a physical examination of [Hillman], which were not properly included by reference to his Second Amended Complaint." (Doc. 28 at 5). Contrary to Defendants' argument, Hillman attached his relevant medical records and grievances to his Second Amended Complaint, and the exhibits are legible, Hillman labeled each one, and he referenced them in his Second Amended Complaint.

the burden shifts to Hillman to sufficiently allege that Defendants "(1) violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004). "For a right to be clearly established, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).  In the context of an excessive force claim, courts "may find fair warning in the law without also finding a factually identical case." *Id.* at 1312.

"Under the Eighth Amendment, force is deemed legitimate in a custodial setting if it is 'applied in a good-faith effort to maintain or restore discipline' and not 'maliciously and sadistically to cause harm.'" *Sears v. Roberts*, 922 F.3d 1199, 1205 (11th Cir. 2019) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).  "This standard requires a prisoner to establish two elements – one subjective and one objective: the official must have both 'acted with a sufficiently culpable state of mind' (the subjective element), and the conduct must have been 'objectively harmful enough to establish a constitutional violation.'" *Sconiers v. Lockhart*, 946 F.3d 1256, 1265 (11th Cir. 2020) (quoting *Hudson*, 503 U.S. at 8).  "In determining whether force was used 'maliciously and sadistically,' [courts] consider: (1) 'the need for the application of force'; (2) 'the relationship between the need and the amount of force that was used'; (3) 'the extent of the injury inflicted upon the prisoner'; (4) 'the extent of the threat to the safety of staff and inmates'; and (5) 'any efforts made to temper the severity of a forceful response.'" *Sears*, 922 F.3d at 1205 (*Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007)).  Additionally, "[a]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another

officer's use of excessive force can be held liable for his nonfeasance." *Williams v. Radford*, 64 F.4th 1185, 1199 (11th Cir. 2023) (quoting *Velazquez v. City of Hialeah*, 484 F.3d 1340, 1341 (11th Cir. 2007)).

Here, contrary to Defendants' arguments, Hillman's allegations are abundantly clear and distinct as to each Defendant's alleged actions or inactions.  According to Hillman, Defendant Anderson slammed him to the ground with such force that his two front teeth were broken, and once he was on the ground, Anderson slammed his knee into Hillman's back and neck.  Hillman asserts that his hands were restrained behind his back when Anderson used this force, and Anderson did so maliciously and sadistically to cause Hillman harm.  Liberally construing Hillman's allegations and accepting them as true, the force used was unnecessary, as Hillman was restrained in handcuffs, he was not posing a threat or otherwise refusing to comply with orders, and the force used caused Hillman significant harm.  And, during the incident, Defendant Magee stood by and failed to intervene despite being in a position to do so.  At this stage of the proceeding, the Court finds Hillman has alleged sufficient facts to state violations of his Eighth Amendment right to be free from cruel and unusual punishment against both Defendants.

Additionally, at the time of the alleged incident (May 2021), it was clearly established that using excessive physical force on an inmate who was restrained, compliant with orders, and not posing a threat violates the Eighth Amendment.  *See* W*illiams v. Burton*, 943 F.2d 1572, 1576 (11th Cir. 1991) ("The basic legal principle is that once the necessity for the application of force ceases, any continued use of harmful force can be a violation of the Eighth and Fourteenth Amendments, and any abuse directed at the prisoner after he terminates his resistance to authority is an Eighth Amendment

violation."); *see also Skrtich v. Thornton*, 280 F.3d 1295, 1303 (11th Cir. 2002) ("By 1998, our precedent clearly established that government officials may not use gratuitous force against a prisoner who has been already subdued.").  It was also clearly established that failing to intervene in a use of excessive force violates the Eighth Amendment.  *See Velazquez*, 484 F.3d at 1341 ("The law of this circuit is that 'an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance.'" (quoting *Skrtich v. Thornton*, 280 F.3d 1295, 1302 (11th Cir. 2002))).  Accepting Hillman's allegations as true, he has sufficiently alleged violations of his clearly established constitutional rights. While Defendants may be entitled to qualified immunity after further factual development, at this stage of the proceeding, their request is denied.

Defendants also argue that Hillman failed to "utilize separate counts, or satisfactorily explain how the various allegations are a violation of the 8th Amendment" and that his claims "are far from clear."  (Doc. 28 at 6).  Again, the Court disagrees. Hillman clearly delineates and identifies his claims against each Defendant, his factual allegations are clearly stated in numbered paragraphs, and he has included an index to his exhibits, in which each exhibit is clearly labeled.  (*See* Doc. 22 at 5–7, 9–11, 19; Doc. Nos. 22-1–22-5).  Hillman's Second Amended Complaint is not deficient in the manner argued by Defendants.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 28) is **DENIED**.

2. Defendants shall answer the Second Amended Complaint within **14 days** of the date of this Order.

3. A separate order will enter setting case management deadlines.

**DONE AND ORDERED** in Jacksonville, Florida, on May 16, 2024.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-3 5/13

c:      Jockue H. Hillman, #S21112
        Counsel of Record

7